

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Major D. W. Stakes
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

> Opinion No. 0-1985
> Re: Authority of the Texas Prison
> System to grant a power line
> right-of-way easement across
> one of the State prison farms.

Honorable O. J. S. Ellingson, your predecessor,
requested the opinion of this department on the above ques-
tion in his letter addressed to Honorable Gerald C. Mann,
Attorney General of Texas, which we quote as follows:

> "I enclose letter from Mr. W. B. Thornton,
> Right-of-way Agent, Houston Lighting and Power
> Company, Houston, Texas, easement and map, all
> of which are self-explanatory.
>
> "Please note they are requesting the Texas
> Prison System to sign an agreement in their favor
> granting them a right-of-way permission over and
> across the Clemens State Prison Farm with all
> poles to be placed one foot inside the State High-
> way right-of-way line. You will also note the
> State Highway Department has requested them to
> secure this right-of-way permission from us be-
> fore they will grant a right-of-way permission.
>
> "I would like to know whether the Prison
> System has a right to grant the easement they
> are requesting. If the Prison System does not
> have the right to grant this easement, what pro-
> cedure must the Houston Lighting and Power Com-
> pany take in order to secure the easement they
> desire."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

An easement, though incorporeal in nature, constitutes an interest in land which may be created only by deed or grant, and whatever authority or power the Texas Prison Board would have to convey such an easement would depend, in the absence of any specific statute to that effect, upon its authority in general to convey land, or any part or interest thereof, which is under its jurisdiction. 15 Tex. Jur. pp. 771, 777.

The Texas Prison Board is a State agency created and employed by the State for the purpose of performing the duty of the State to incarcerate and care for persons convicted of crime in this State. It derives all of its power and authority by delegation from the State; and it has no power or duties except those which are clearly set forth and defined by the Constitution and statutes of Texas. 37 Tex. Jur. p. 65; 11 Tex. Jur. p. 563.

Like similar subordinate State agencies, the Texas Prison Board, unless specifically authorized by Texas laws, has no power or authority to convey any of the property placed under its jurisdiction to be used in carrying out the duties delegated to it. 37 Tex. Jur. 950.

The authority of the Texas Prison Board, if any, to dispose of any of its property may be found under Title 108, Articles 6166 through 6203g, Vernon's Annotated Civil Statutes.

Article 6166g, supra, reads as follows:

"The Texas Prison Board, together with the manager hereinafter provided for, shall be vested with the exclusive management and control of the Prison System, and all properties belonging thereto, subject only to the limitations of this Act, and shall be responsible for the management of the affairs of the Prison System and for the proper care, treatment, feeding, clothing and management of the prisoners confined therein."

Under the above quoted statute the Legislature placed full control of the Texas Prison System in the Texas Prison Board, but such "control" is limited to those powers

which have been expressly set forth and defined by the Legislature, and such powers as must necessarily be implied from the expressed powers. Edwards County v. Jennings, (Civ. App. 1895) 33 S. W. 585.

The above quoted statute does not, of course, confer upon the Texas Prison Board any authority to grant the necessary easement.

We have given special consideration to Articles 6166-o, 6203-a, Sections 1, 10, and 6203-d.

Article 6166-o authorizes the Prison Board to lease real estate for agricultural and grazing purposes.

Under Article 6203-a, Section 1, a Board for Lease of Texas Prison lands is created and authority is conferred on it to lease Texas Prison lands for oil and gas development. Section 10 of said Article provides that "said Board shall authorize the laying of pipe lines, telephone lines and the opening of such roads over the Prison lands as may be deemed necessary for and incident to the purpose of this Act."

Article 6203-d specifically authorizes the Prison Board to grant right-of-way easements for irrigation canals, ditches, laterals, etc., to persons or companies engaged in the irrigation business.

A careful examination of these statutes will disclose the absence of specific authority in the Texas Prison Board to grant the easement contemplated and in our opinion none of the statutes may be so construed as to authorize the Board to exercise such a power.

Therefore, it is the opinion of this department that the Texas Prison Board does not have the authority to grant or convey the easement right-of-way desired by the Houston Lighting and Power Company.

We have given consideration also to Article 6715, Vernon's Annotated Civil Statutes, wherein authority has been given to the Texas Prison Board to grant an easement across Texas Prison farm land to the Texas Highway Department for highway purposes where consent of the Board and the Governor is obtained. This statute is obviously inapplicable.

Further research has uncovered no statute wherein the Legislature has vested in the Texas Prison Board or any similar subordinate State agency the authority to grant an easement to an electric power company for the purpose of placing its poles and transmission lines on lands owned and used by the State.

Therefore, it is the further opinion of this department that the contemplated easement could only be obtained by an act of the Legislature granting to the Houston Lighting and Power Company the same or investing in the Texas Prison Board or other similar State agency the specific authority to grant the easement desired.

Yours very truly

APPROVED OCT 16, 1941

ATTORNEY GENERAL OF TEXAS

(signed)  Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

By                    (signed)
                Glenn R. Lewis
                      Assistant

By                    (signed)
            Chester E. Ollison

CEO:LM

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN